LU XING, Zhong Jie Zhao, Petitioners,

v.

Michael B. **MUKASEY**, Attorney General,[1] Respondent.

No. 07–1645–ag.

United States Court of Appeals, Second Circuit.

Dec. 19, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Henry Zhang, New York, NY, for petitioners.

Peter D. Keisler, Assistant Attorney General, Civil Division; Jennifer Lightbody, Senior Litigation, Counsel; Regan Hildebrand, Trial Attorney, Civil Division, U.S. Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. ROGER J. MINER, Hon. ROBERT D. SACK, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Lu Xing, a citizen of the People's Republic of China, seeks review of an April 2, 2007 order of the BIA affirming the September 28, 2005 decision of Immigration Judge ("IJ") Robert D. Weisel denying Xing's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[2] *In re Lu Xing*, No. A 98 485 330 (B.I.A. April 2, 2007), *aff'g* No. A 98 485 330 (Immig.Ct.N.Y.City, Sept. 28, 2005). We as-

---

**2.** Xing included her husband, Zhong Jie Zhao, as a derivative on her asylum application. However, because Xing is not eligible for asylum, we do not reference Zhao in our analysis. We note that withholding of removal does not have a comparable provision granting derivative status to family members, and Zhao filed a separate application for withholding of removal.

sume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

As an initial matter, because Xing did not raise a constitutional claim or question of law regarding the timeliness of her asylum application, we lack jurisdiction to review the agency's pretermission of her asylum claim. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 324 (2d Cir.2006). However, because the one-year bar under Section 1158(a)(2)(B) applies only to asylum requests, we review Xing's remaining claims for relief on the merits. *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 180–81 (2d Cir.2006).

■ We conclude that the agency's adverse credibility determination here was supported by substantial evidence. The IJ relied upon specific inconsistencies in the record about matters material to Xing's claim. First, the IJ noted that although Xing stated in her asylum application and initially testified that she worked at the same company from 1985 until 1997, she later testified that she was fired in early 1995 for exposing corruption and unsafe work conditions and that she remained at home from 1995 until 1997. Asked to explain the discrepancy, Xing testified again inconsistently that before coming to the United States in 1997, she "was there, but ... did not do anything for the company." (JA 83). This discrepancy regarding Xing's alleged termination and her allegedly open opposition to the Chinese Government at the Zhongzhou Aluminum Factory was plainly significant and the IJ did not err in relying upon it to render his adverse credibility determination. *See Zhou Yun Zhang,* 386 F.3d at 74 (providing that the Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [a] claim of persecution." (internal quotations omitted)).

The IJ further noted in this case that Xing's claim that she left China because she could no longer "stand the one party dictatorship" was inconsistent with her mother's letter which stressed that Xing left to relieve job-related stress and to see the "outside world." Xing was given the opportunity to explain why her mother's letter did not mention Xing's purported opposition to the Chinese Government, and Xing explained that she "did not want to get [her] mother worried...." (JA 95). Nothing in the record in this case, however, suggests that a reasonable factfinder would have been compelled to credit this

explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

Xing testified that she joined the Chinese Democratic Party ("CDP") on March 1, 2004, and Wang Jing, her witness, corroborated this testimony. With regard to Xing's witness, however, the IJ noted that his testimony that Xing became involved with the CDP in December 2003 contradicted Xing's own statement that she "did not do anything political" from the time she entered the United States in 1997 until she joined the Party in March 2004. The IJ further found it implausible that Xing would join the CDP and be named an executive director on the very same day, as this witness testified.

This Court generally will not disturb adverse credibility determinations that are based on specific examples in the record of contradictory evidence or inherently improbable testimony regarding material matters. *See Zhou Yun Zhang*, 386 F.3d at 74. Each of the inconsistencies outlined here was material to Xing's claims, and the IJ's finding of implausibility was properly tethered to the evidentiary record. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003); *see also Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007). The IJ also reasonably relied upon the cumulative effect of these individual findings in making his adverse credibility judgment. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006).

The IJ's decision here was not without flaws. Notwithstanding any errors in the IJ's analysis, however, remand is unnecessary where it can be "confidently predict[ed]" that the agency would reach the same decision again. *Cao He Lin*, 428 F.3d at 395. Based on our review of the entire record, "there is no realistic possibility of a different result on remand."

*Id.; see also Xiao Ji Chen*, 471 F.3d at 339. The IJ reasonably found in this case that Xing failed to meet the burden of proof required for withholding of removal. Because her claim for relief under the CAT was based upon the same factual predicate, moreover, the IJ further reasonably concluded that Xing had not met her burden on this claim as well. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

■ Finally, Xing claims that her due process rights were violated because the IJ exhibited "partiality and hostility." In the asylum context, due process requires that an applicant receive a "full and fair opportunity to present her claims." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104 (2d Cir.2006) (internal citations omitted). Here, although the IJ was confrontational with Xing's attorney, this conduct did not interfere with Xing's presentation of her claims. Rather, the record shows that Xing had ample opportunity to testify about all elements of these claims. Therefore, there is no indication of a due process violation.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, Xing's pending motion for a stay of removal is DISMISSED as moot.